MOSES STEARNS *vs.* OLD COLONY AND FALL RIVER RAILROAD
CORPORATION

The *St.* of 1846, *c.* 271, requiring railroad corporations to erect and maintain fences upon
both sides of any railroad which they might thereafter construct, does not apply to a
railroad which was located and partially constructed at the time of its passage.

A railroad company, which is not bound to erect and maintain a fence, is not liable in
damages if a cow, feeding in an adjacent pasture, escapes through a defect in the fence,
and is run over and killed by the cars, without proof of due care on the part of the owner
to prevent such an escape.

TORT to recover for the loss of a cow, and injury to a heifer,
which were run over by the defendants' cars.

At the trial in the superior court, it appeared from the plain-
tiff's evidence, that the Randolph and Bridgewater Railroad
Corporation was incorporated by *St.* 1845, *c.* 226, passed March
25 1845; that this corporation was subsequently, by *St.* 1846,
*c.* 259, united with other railroad corporations, under the name
of the Fall River Railroad Corporation ; and that the Old
Colony and Fall River Railroad Corporations were united by
*St.* 1854, *c.* 133. Before the passage of the *St.* 1846, *c.* 271,
passed April 16 1846, requiring railroad corporations to erect
and maintain fences upon both sides of the entire length of any
railroad which they might thereafter construct, all the land for
the Randolph and Bridgewater Railroad Corporation had been
taken, and some portion of it paid for, and the land from which
the plaintiff's animals escaped was included in that so taken
and paid for, and the corporation had received a deed thereof
from its former owner, dated January 28 1846. The construc-
tion of the railroad was commenced in December 1845, and the
ground broken and the road-bed more or less graded throughout
its whole length, and especially by the side of the land now
owned by the plaintiff; and the passenger cars began to run
over the same in December 1846, which was soon after the
laying of the rails was finished. At the time of the accident by
which the plaintiff's animals were run over, the fence between
the plaintiff's pasture where they had been feeding and the
railroad was down at a point near the place where they were
afterwards found.

The defendants, at the close of the plaintiff's evidence, asked the court to rule that the plaintiff had not made out a *prima facie* case, inasmuch as he had offered no evidence of any care on his part to keep his animals off from the railroad track ; and *Putnam*, J., so ruled; and the jury returned a verdict for the defendants. The plaintiff alleged exceptions.

*N. C. Berry*, for the plaintiff.

*P. H. Sears*, (*H. N. Blake*, with him,) for the defendants.

CHAPMAN, J. When *St.* 1846, *c.* 271, was passed, the defendants had purchased the land for their road through the farm that the plaintiff now owns; and as they were not bound to fence it unless by order of the county commissioners, under *St.* 1841, *c.* 125, § 1, it is to be presumed that the price included the expense of fencing by the owner. *Morss* v. *Boston and Maine Railroad*, 2 Cush. 536. If the statute of 1846 required them to fence it, and relieved the landowner, its operation would be retrospective and unjust. *Gerry* v. *Stoneham*, *ante*, 319. But it applied by its terms only to roads thereafter to be constructed. The defendants had not only purchased the land and located the road, but had partially graded it. If we regard the object of the act, it did not apply to this case. If we disregard its object, and apply it to all roads not completed, very few roads then existing would be exempted from its operation. The first construction is the more reasonable. It was therefore the plaintiff's duty to keep his fence in repair, and as his neglect in this respect contributed to the injury, he cannot recover. *Exceptions overruled.*